# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MELMEDICA-CHILDREN'S HEALTHCARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL STATES JOINT BOARD TRUST FUND, <br><br> Defendant. | No. 05 C 2686 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

On September 6, 2005, Melmedica Healthcare, Inc. ("Melmedica") filed a two-count Amended Complaint against Central States Joint Board Health & Welfare Trust Fund ("Central States") seeking statutory penalties for an alleged violation of 29 C.F.R. §2560.503-1 in Count One and recovery based on a claim of promissory estoppel in Count Two. Count One has already been dismissed. Central States now moves to dismiss Count Two as well. For the reasons below, Central States' motion to dismiss is granted.

## I. Facts

Central States is a health and welfare benefit trust plan created pursuant to the authority in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. Melmedica is a hospital in Cook County, Illinois. Melmedica provided medical care to Vianney Martinez from August 14, 2002 through December 30, 2002. Vianney was a beneficiary of the Central States plan through his father, Refugio Martinez, who was a union member eligible for

benefits. In order to obtain treatment for Vianney, Refugio Martinez assigned, in writing, all rights and benefits under the plan to Melmedica.

Melmedica served notice of its assignment and its claim for payment upon Central States on December 30, 2002, but Central States denied the claim after a dispute arose regarding benefits. Melmedica did not possess a copy of the benefits plan while treating Martinez and claims that, during multiple conversations throughout the treatment period, it had relied on the representations of Central States' agents. According to Melmedica, those agents had continued to confirm Martinez's eligibility for treatments even after his plan benefits had been exhausted. Melmedica took no further action with this matter until August 31, 2004, when it sent a letter to Central States seeking information about the plan and its available administrative remedies. Central States never responded to the letter. Melmedica then filed suit to recover statutory penalties as well as the money spent caring for Vianney Martinez. Central States answered with this motion.

## II. Analysis

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant Central States' motion to dismiss only if Melmedica cannot prove any set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I must accept all well-pleaded factual allegations in the Amended Complaint as true, drawing all reasonable inferences from those facts in Melmedica's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). I may grant Central States' motion only if "no relief

could be granted under any set of facts that could be proved consistent with the allegations."
*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## A. Jurisdiction

As a preliminary matter, I will deal with Melmedica's concerns about whether this court may retain jurisdiction to resolve Count II of the complaint. Melmedica claims that since the only federal claim has already been dismissed, there is no diversity of citizenship between the parties, and the only remaining count is a state law claim of promissory estoppel, I may lack jurisdiction to resolve the remaining issue.

Usually, if all the federal claims in a case drop out before trial, "a district court should not retain the state claims absent extraordinary circumstances." *Wentzka v. Gellman*, 991 F.2d 423, 425 (7th Cir. 1993). However, "[t]he interests of judicial promptness and efficiency are compelling when the defendant invokes pendent jurisdiction over state claims to assert a readily apparent meritorious federal defense such as federal law preemption." *Caliendo v. Village of Franklin Park*, No. 91 C 1279, 1993 U.S. Dist. LEXIS 1844, at *31-32 (N.D. Ill. Feb. 18, 1993). Central States has raised the defense of preemption by ERISA against Melmedica's promissory estoppel claim. As shown below, Melmedica's claim is in fact preempted by ERISA. Therefore it is appropriate for me to retain jurisdiction and resolve this matter. *See id.* at 32.

## B. Preemption by ERISA

Melmedica bases its claim for relief upon a state law claim of promissory estoppel. However, the ERISA statute states that it "shall supersede any and all State laws insofar as they

may now or hereafter relate to any employee benefit plan." 29 U.S.C. §1144(a). This provision prevents the use of state law, including common law, if the cause of action "relates to" a benefit plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987). However, preemption may not occur when a state cause of action affects an ERISA plan in a manner that is too remote, tenuous or peripheral. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n.21 (1983).

Melmedica argues that the preemption clause does not apply to a claim of promissory estoppel by a medical services provider. It relies on *Rehabilitation Inst. of Chicago v. Group Adm'rs, Ltd.*, 844 F. Supp. 1275 (N.D. Ill. 1994), to show that a medical care provider's state law claim is not preempted by ERISA. In *Rehabilitation Institute*, an agent of the benefit plan orally assured a medical provider that the beneficiary's desired treatment was covered, but the benefit plan subsequently refused to reimburse the provider for the medical care. The court denied the defendant's motion to dismiss, stating that preemption did not apply because the third-party claim "will have no more than a tenuous and remote impact on the [benefits] plan." *Id*. at 1282.

The problem with Melmedica's argument is that a crucial part of the Court's holding in *Rehabilitation Institute* was its finding that "[u]nlike plan participants and beneficiaries, third party health care providers are non-ERISA entities . . . ." *Id*. Since the medical provider was a non-ERISA entity, allowing the state law claim to continue would not affect the relationship between the principal ERISA entities or the plan's administration. *Id*. In contrast, accepting the allegations in the present complaint as true, Melmedica is actually one of the principal ERISA entities. Once Martinez assigned his rights to Melmedica, it became a beneficiary of the plan. *See Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991). As a beneficiary, Melmedica's remedies are limited to those outlined in the actual benefit plan - oral

4

modifications are not permitted. *See Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir. 1992). Using a state law promissory estoppel claim to prevent the plan's denial of coverage would be inappropriate and would contravene the purposes of the ERISA statute, which is "to protect the financial integrity of pension and welfare plans by confining benefits to the terms of the plan as written . . . ." *Id*.

The preemption of Melmedica's state law claim does not automatically mandate its dismissal. Although the allegations may not state a claim for relief under state common law, the allegations still might state a claim for estoppel according to federal law. Incorrectly specifying a legal theory should not be fatal to a case. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). Thus, I must inquire into the sufficiency of Melmedica's allegations under federal law as well.

## C. Equitable estoppel

The Seventh Circuit has recognized a form of estoppel in some ERISA cases. *See, e.g., Coker v. Trans World Airlines, Inc.*, 165 F.3d 579, 585 (7th Cir. 1999). The elements of this doctrine are: (1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to her detriment. *Id*. Melmedica does not claim that any of Central States' assertions were made in writing. Therefore, even though it relied on those assertions, Melmedica does not have a claim. "A claim will *not* lie for every false statement reasonably and detrimentally relied upon by an unwitting plaintiff." *Id*. (emphasis in original). As a result, Melmedica's claim must be dismissed.

5

On a final note, Central States argues that even if Melmedica did allege a sufficient cause of action, it would be barred by ERISA from filing suit because Melmedica did not exhaust its administrative remedies and did not abide by the time limits imposed by the plan for seeking administrative appeal and for filing suit. Since I have dismissed the claim, I need not address these other arguments.

For the above reasons, Defendant's motion to dismiss is GRANTED.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 27, 2006